IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| The COOPER-CLARK FOUNDATION, on behalf of themselves all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MERIT ENERGY COMPANY, LLC,<br><br>*Defendant*. | §§§§§§§§§§§§ CIVIL ACTION<br>CASE NO. _____ |

**NOTICE OF REMOVAL**

Defendant Merit Energy Company, LLC notifies this Court of the removal of this action from the District Court of Grant County, Kansas ("State Court") to this Court, and states as follows:

**I.   Procedural Background**

1. On April 18, 2023, Plaintiff filed a Class Action Petition ("Petition") in the State Court seeking damages for breach of lease for a putative class of royalty owners who own an interest in certain wells operated by Merit. **Exhibit A**. Merit was served with the summons and Petition via its registered agent on April 21, 2023.

2. On May 15, Plaintiff filed a First Amended Class Action Petition ("Amended Petition") in the State Court seeking damages for breach of lease for a putative class of royalty owners who own an interest in certain wells operated by Merit. **Exhibit B**.

**II.   Plaintiff's Class Action Claims**

3. The Amended Petition seeks recovery for a putative class of:

All persons who were royalty owners in Kansas wells from May 1, 2014, to the date Class Notice is given, where Defendant was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) and whose gas was moved over the Ulysses Gas Gathering System

(UGGS) and originally dedicated under the June 15, 1998 Amoco Gas Processing Agreement.

Excluded from the Class are: (1) the Office of Natural Resources Revenue, formerly known as the Mineral Management Service (Indian tribes and the United States); (2) all presiding judges together with their immediate family members; (3) Defendant, its affiliates, and employees, officers, and directors; (4) any publicly traded company or its affiliated entity that produces, gathers, processes, or markets gas; (5) overriding royalty owners and others whose interest was carved out from the lessee's interest; and (6) royalty owners whose leases expressly authorize the deduction of costs incurred to process the gas or otherwise place the gas in marketable condition.

Ex. B, ¶ 10 (the "Putative Class"). The Amended Petition asserts claims that makes the case removable under the Class Action Fairness Act ("CAFA"), as set forth below. *See* 28 U.S.C. §§ 1446(b)(3), 1453(b).

4. Plaintiff alleges that Merit has underpaid oil and gas royalties to members of the Putative Class.

5. The Petition includes a demand for a jury trial. Ex. A, p.18. The Amended Petition also includes a demand for a jury trial. Ex. B, p.15.

### III. Jurisdiction of the Federal Court

6. This Court has original jurisdiction under CAFA because (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) at least one member of the putative class is a citizen of a State different from any defendant, and (3) the number of members of the Putative Class exceeds 100.

### A. There is minimal diversity of citizenship.

7. Defendant Merit Energy Company, LLC is a Delaware limited liability company. It is a citizen of Texas for purposes of diversity jurisdiction because each of Merit's members is a citizen of Texas.[1]

8. Plaintiff is a citizen of Kansas and Colorado. *See* Ex. B,¶ 6.

9. Because members of the putative class (which includes Plaintiff), as defined by the Amended Petition, are citizens of states different from those of which Merit is a citizen, the minimal diversity required by CAFA is easily satisfied. 28 U.S.C. § 1332(d)(2)(A) (diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

### B. The amount in controversy exceeds Five-Million Dollars.

10. The amount in controversy necessary to support a CAFA removal should be a good faith estimate of the total amount placed in dispute by Plaintiff's allegations, not a prospective assessment of defendant's actual liability. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). A defendant need only assert a plausible allegation that the amount in controversy requirement is satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

11. The amount in controversy can be determined from the scope of the Putative Class and claims in the Amended Petition and based on those alleged claims. *See generally* Ex B. Plaintiff does not allege a specific amount in controversy for the putative class in the Amended Petition but simply claims the amount is less than $5,000,000. However, the sum of the alleged

---

[1] In the alternative, if Merit is considered an "unincorporated association" under 28 U.S.C. § 1332(d)(10), Merit is a citizen of the State of Texas where it has its principle place of business, and of the State of Delaware where Merit is organized.

underpaid royalties to the Putative Class, based on the allegations in the Amended Petition, totals more than $5,000,000.

    **C.    There are no defendants who are government entities and the putative class members exceed one hundred.**

12.    CAFA does not apply to any class action in which the primary defendants are States, State officials, or other governmental entities or the number of members of the class is less than 100. 28 U.S.C. § 1332(d)(5). Here, there are no governmental entity defendants, and the number of putative class members exceeds 100.

13.    Defendants are not a State, State official, or governmental entity.

14.    The number of putative members of the class exceeds 100.

    **D.    This removal is timely.**

15.    This removal is timely because it is filed within thirty days of becoming removable, and within thirty days of Merit being served with the summons and Petition and the Amended Petition. 28 U.S.C. § 1446.

    **E.    Notice of filing in the State Court.**

16.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed in the State Court contemporaneously with this filing, and served on all parties. There are no pending state court motions.

All conditions for removal have been satisfied. Accordingly, this Court has original jurisdiction over this case under 28 U.S.C. 1332(d) and removal is proper under 28 U.S.C. §§ 1446 and 1453. Merit requests that the United States District Court for the District of Kansas accept this Notice of Removal and assume jurisdiction of this cause, and that it issue such further orders and processes to which Defendants are entitled.

Dated: May 22, 2023

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

Daniel M. McClure
   (*pro hac vice forthcoming*)
Francisco Escobar-Calderon
   (*pro hac vice forthcoming*)
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:(713) 651-5151
Facsimile: (713) 651-5246
dan.mcclure@nortonrosefulbright.com
francisco.escobar-calderon@nortonrosefulbright.com

James V. Leito IV
   (*pro hac vice forthcoming*)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
James.leito@nortonrosefulbright.com

MORRIS, LAING, EVANS BROCK & KENNEDY, Chtd.

*/s/Will B. Wohlford*
   Robert W. Coykendall, #10137
   Will B. Wohlford, #21773
   Jonathan A. Schlatter, #24848
   300 N. Mead, Suite 200
   Wichita, KS 67202-2745
   (316) 262-2671
   rcoykendall@morrislaing.com
   wwohlford@morrislaing.com
   jschlatter@morrislaing.com

**Attorneys for Defendant Merit Energy Company, LLC**

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on this 22nd day of May, 2023, I electronically filed the foregoing **Notice of Removal** with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I further certify that I emailed the foregoing to the following:

    Rex A Sharp
    Scott B. Goodger
    Larkin E. Walsh
    Brandon C. Landt
    Hammons P. Hepner
    SHARP LAW, LLP
    4820 E. 75th St.
    Prairie Village, Kansas 66208
    Email: rsharp@midwest-law.com
           sgoodger@midwest-law.com
           lwalsh@midwest-law.com
           blandt@midwest-law.com
           hhepner@midwest-law.com
    *Attorneys for Plaintiff*

I further certify that I mailed the foregoing document by first-class mail to the following:

    Graybill, Witcher & Casey, LLP
    450 Morton Ave.
    Elkhart, Kansas 67950

                                      /s/Will B. Wohlford
                                      Will B. Wohlford